**STATE of Missouri, Respondent,**

v.

**Norman Douglas WARREN, Appellant.**

**No. 46787.**

Supreme Court of Missouri, Division No. 1.

Feb. 9, 1959.

Charles M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

The defendant, Norman Douglas Warren, was tried on December 30, 1957, before a jury in the Circuit Court of St. Charles County, Missouri, and convicted of burglary and larceny. The jury assessed a punishment of six years' imprisonment in the State Penitentiary. By stipulation and agreement of counsel, the verdict was made the basis for judgment of three years' imprisonment for burglary and three years' imprisonment for stealing. A motion for new trial was filed. After overruling the motion, the court sentenced the defendant to serve three years' imprisonment for the burglary and three years for stealing. Defendant appealed from the sentences imposed.

The only points briefed by the defendant pertain to the prosecutor's closing argument to the jury. A brief statement of the evidence will therefore be sufficient.

It appears from the record that on the morning of May 17, 1957, at about 2:30 a. m., police officers noticed a car backing out from between two other cars parked on a lot near a building of the Wilke Motor Company of St. Charles, Missouri. The police officers stopped the car which was found to be occupied by the defendant Warren and two others, Gerstacker and Thompson. In a search of the car and the occupants, the officers found a crowbar, two screwdrivers, two rear-view mirrors, some shop towels, and a pair of gloves. Money was also found: $94 in bills; $12.59 in coins (half dollars, quarters, dimes, nickels, and pennies). Five checks totalling $215.87, belonging to the Motor Company, were also found. The two rear-view mirrors were wrapped in shop towels similar to those used in the shop of the Motor Company. An examination of the rear door of the building disclosed that the door had been opened by force. A cash drawer in the building was found open with only a few pennies therein and a coin receptacle of a soft-drink vending machine was missing. It was also alleged in the information that the defendant had previously been convicted of a felony and had served his sentence therefor. This he admitted when on the witness stand testifying in his own behalf. The State made proof of the previous conviction as alleged in the information. Despite this proof by the State and the admission of the defendant, the jury, as evidenced by the verdict, chose not to believe that the defendant had been previously convicted.

As above-noted, the defendant in his brief complains of statements made by the prosecutor in his closing argument. He claims

that the trial court should have sustained the objections made to the argument and should have discharged the jury and declared a mistrial. At the outset, it must be pointed out that the argument of the defendant's counsel to the jury was not preserved in the record. We, therefore, do not know what statements were made by him. This, as we shall see, is important and must be considered in ruling on defendant's points as briefed. The record shows the following occurred when the prosecutor began his closing argument:

"Mr. McColloch: Ladies and gentlemen of the jury, I look like I am the big villian here. I am supposed to be suspicious of everyone. Frankly, my job as Prosecuting Attorney would be the easiest job in the world if people would behave themselves. I get no pleasure out of prosecuting an individual unless I know that he is guilty of violating the laws of the State and—

"Mr. Shaw (interrupting) If the Court please, I am going to object to that statement and ask that the jury be admonished to disregard that, that the jury be discharged and a mistrial declared.

"The Court: Denied. Continue, Mr. McColloch.

"Mr. McColloch: In the prosecution of a case, the prosecuting officials investigate the facts and circumstances surrounding these incidents and, based upon that evidence, they proceed to trial.

"Mr. Shaw: If the Court please, I am going to object to that again as an improper comment by the Prosecuting Attorney on his knowledge of the case or his opinion of the case.

"The Court: I think it was invited. The objection will be overruled. Motion denied. Go ahead, Mr. McColloch."

The above was made the basis of the first two points briefed by the defendant.

The third and last point briefed was based on the following which occurred at the close of the prosecutor's argument:

"The Court has the duty here of giving you the instructions on the law and the Court has done that.

"The Officers here have done their duty. They have gone out and apprehended these men on the spot. They, have the evidence. We bring in all the evidence that we possibly can to show the facts surrounding this offense.

"I have the duty to prosecute this defendant because, in our opinion, he is guilty beyond a reasonable doubt—

"Mr. Shaw (interrupting) Just a second. If the Court please, I am going to ask that that be stricken and the jury admonished to disregard it, that a mistrial be declared and the jury discharged.

"The Court: The remark of the Prosecuting Attorney as to his opinion is erroneous and the jury will disregard the statement and wipe it from your minds completely. Please don't make such a statement again, Mr. McColloch.

"Mr. McColloch: I apologize, your Honor.

"The Court: Proceed.

"Mr. McColloch: The evidence shows beyond. a reasonable doubt that this defendant is guilty of the offense with which he is charged."

█ It is defendant's contention that the prosecutor voiced his own opinion that the defendant was guilty; further, that when he did so a mistrial should have been declared. The following three cases were cited to support that contention: State **v.** Groves, Mo., 295 S.W.2d 169; State **v.** Vinson, Mo., 107 S.W.2d 16; State **v.** Reppley, 278 Mo. 333, 213 S.W. 477. Those cases support the general rule that a prosecutor should not express his own private

opinion as to the guilt of a defendant on trial. Convictions have been set aside for violation of this rule. State v. Groves, supra, 295 S.W.2d loc. cit. 173(6, 7).

■ Considering the first portion of the argument complained of, we may infer from what the prosecutor said that he was answering statements made by defendant's counsel which pictured the prosecutor as a man who would prosecute a person on suspicion and without reasonable cause. We are supported in drawing such an inference by the remark made by the trial judge which the record shows was, "I think it was invited. The objection will be overruled. Motion denied." Since we do not have before us what the defendant's counsel said, we must presume that the trial court's remarks were well founded. The rule applicable to a situation of this nature is found in 23 C.J.S. Criminal Law § 1108, pp. 587–589. Note what is there said: "As a general rule, however, remarks of the prosecuting attorney, including such as might or would otherwise be improper, are not grounds for reversal where they are invited, provoked, or occasioned by accused's counsel and are in reply to or retaliation for his acts and statements, unless such remarks go beyond a pertinent reply and bring before the jury extraneous matters touching important issues or are in their nature necessarily prejudicial."

A point similar to the one before us was considered in State v. Fuller, Mo., 302 S.W.2d 906, loc. cit. 909, 910(5, 6), where this court said, "The argument of defendant's attorney is not before us but it had been heard by the trial judge shortly before the ruling was made. In that situation we must, of necessity, rely largely upon the discretion of the trial court and there is nothing in the record before us to indicate that the trial court abused that discretion. State v. Reagan, Mo.Sup., 108 S.W.2d 391. We rule this point against defendant." We find no merit in defendant's points one and two.

■ Examining what occurred in the trial upon which defendant based his third assignment of error, we find that the trial court was well aware of the rule that a prosecutor may not express his private opinion as to the guilt of a defendant. Note that the court promptly sustained the objection of the defendant's counsel and admonished the prosecutor not to make such a statement again. The court further admonished the jury to disregard the statement "and wipe it from your minds completely." There could be no misunderstanding of that ruling. It further appears that the prosecutor apologized for making the statement.

In the case cited by the defendant, State v. Vinson, supra, a somewhat similar situation was dealt with by this court. The court, 107 S.W.2d loc. cit. 18(3–6), said "A prosecuting attorney should not express his private opinion of the guilt of a defendant. State v. Goodwin (Mo.Sup.) 217 S.W. 264; State v. Smith, 313 Mo. 71, 281 S.W. 35. But he may state his conclusion based on the evidence. State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877. Even assuming the argument of Mr. Presley was improper, we cannot say, in view of the court's admonition and the withdrawal of the statement and apology of Mr. Presley, that it constitutes reversible error. Under these circumstances, we rule the court rightly refused to discharge the jury as requested. State v. Hart, 292 Mo. 74, 237 S.W. 473; State v. Sinovich, supra." See also 23 C.J.S. Criminal Law § 1117, p. 607. So, in this case, the court promptly sustained defendant's objection, admonished the jury to disregard the statement, and the prosecutor apologized. The court was justified in denying the request for a mistrial.

Defendant has made no other complaints and we have examined those parts of the record which we are required to examine even though not briefed and we find no reversible error therein.

The judgment is affirmed.

All concur.