STATE of Missouri, Respondent.

v.

Warren Allen MARTIN, Appellant.

No. 48405.

Supreme Court of Missouri,

Division No. 2.

June 12, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1961.

**681**

Ross W. Lillard, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., James W. Steele, Sp. Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

A jury found the appellant, Warren Allen Martin, guilty of robbery in the first degree

by means of a dangerous and deadly weapon. V.A.M.S. Sec. 560.135. There was a prior felony conviction of robbery and the court sentenced the appellant to twenty years' imprisonment. Laws Mo.1959, S.B. 117.

The facts and circumstances, as the jury could reasonably find them, were that Clyde E. Hatfield operated a Champlin service station east of Buckner on U. S. Highway 24. About 7:45 p. m. on March 8, 1960, "two fellows" walked into the station, the younger man carrying a sawed-off shotgun and the other a "black automatic pistol." Hatfield identified the defendant as carrying the pistol and as the one who said, " 'Let's have your money.' " The appellant at the point of his gun forced Hatfield to open the cash drawer and took $174 in bills. Martin jerked the telephone off the wall and the two men drove east in Hatfield's automobile. A half hour later Hatfield's automobile was found on the highway and shortly the appellant and two companions were arrested at Blue Mills Junction. Although Martin and Lloyd wore scarves over their heads and chins Hatfield again identified Martin as one of the robbers, he also described the clothes they wore, particularly Martin's black jacket. This evidence and these circumstances, as the jury found them, support the verdict of robbery in the first degree by means of a dangerous and deadly weapon. State v. Eno, Mo., 313 S.W.2d 720; State v. Eckenfels, Mo., 316 S.W.2d 532.

In his motion for a new trial one of the assignments of error is that "The clothing, guns and money found in the car was improperly introduced as evidence because such items had been the subject of an illegal search and seizure." At various times during the trial it was objected that these items were not admissible because they were "the subject of illegal search and seizure." Before any evidence was offered the appellant filed a motion to suppress the pistol, shotgun, ammunition and money as evidence for the reason that they were

found "in the automobile in which defendant was found riding" and "that said evidence was obtained through an illegal search and seizure. State vs. Cuezze et al., Mo., 249 S.W.2d 373, 375. Art. I, Sect. 15, Mo.Const., * * *." On the hearing of the motion to suppress the evidence the only witness called was a member of the sheriff's patrol and he was called by the state. This witness testified that when he arrived at Blue Mills Road Martin and his two companions were "being held in custody" by another member of the sheriff's patrol. These officers placed Martin, Lloyd and Steen under arrest. There was no other evidence on the motion to suppress. On the trial of the case these officers testified that when Martin, Steen and Lloyd were stopped they were riding in a 1953 Oldsmobile and that Lloyd claimed to be its owner. They testified that they asked and Lloyd consented to the search of the automobile, one of them said, "Yes, he did. He was with me when I made the search." It was then that the officers found the guns and, hidden about the automobile, $87 in currency. In these circumstances there is no evidence that the appellant Martin was either the owner or in possession of the automobile and in this regard the case is unlike State v. Cuezze, supra. The constitutional guaranty against "unreasonable searches and seizures" (Const.Mo., Art. 1, § 15) is personal and only the owner or person in possession may complain of the constitutional invasion. State v. Green, Mo., 292 S.W.2d 283, 286. It is stated in the motion for a new trial that "Defendant was the subject of an unlawful arrest" but even if true that would not show that his constitutional rights had been infringed when the officers searched Lloyd's automobile. State v. Cantrell, Mo., 310 S.W.2d 866, 870; State v. Askew, 331 Mo. 684, 56 S.W.2d 52.

■ Somewhat related to the claim of illegal search and seizure is the claim that "Witnesses for the State improperly testified as to an oral confession of defendant as to the alleged crime when no foundation for same had been laid." While this assignment is probably lacking in particularity (Sup.Ct.Rule 27.20, V.A.M.R.; State v. Gaddy, Mo., 261 S.W.2d 65), it is based upon the trial objection "because it hasn't been shown he had been advised at the time of the admission of his Constitutional rights or a confession of any sort, and it certainly operates to prejudice him and I move the discharge of the jury." Subsequently it was again objected "that there's no showing that the confession was voluntary, or any showing that his Constitutional rights had been advised to him, and I want to renew my objection to this new matter." The officer testified that in talking to the appellant he admitted ownership of the sawed-off shotgun, used by Steen, and his use of the automatic pistol in the robbery of Hatfield. The appellant, apparently, is relying upon the mere fact that he was under arrest and in custody and upon his assertion that he was not advised that any admission he might make could be used against him, but the mere fact of being in custody and the assertion do not establish that his oral admission or confession was involuntary (State v. Laspy, Mo., 323 S.W.2d 713), certainly not as a matter of law. Compare: State v. Bradford, Mo., 262 S.W.2d 584. Aside from the fact that there is no evidence that Martin's confession was involuntary (State v. Roland, 336 Mo. 563, 79 S.W.2d 1050, 102 A.L.R. 601), there was no request for a preliminary investigation as to the voluntary or involuntary character of the confession and upon the trial there was no offer of proof impeaching its voluntary character. State v. Menz, 341 Mo. 74, 106 S.W.2d 440; State v. Phillips, Mo., 324 S.W.2d 693.

■■ The argument of the prosecuting attorney "relating to the personal feelings of the prosecutor" was retaliatory, obviously in response to defense counsel's argument, and it is not manifest that the trial court abused its discretion in not reprimanding counsel or in failing to discharge the jury. State v. Warren, Mo., 320 S.W.2d 575; State v. Lorts, Mo., 269 S.W.2d 88. The assignment that "Instructions numbers

1, 2, 3, 4 and 5 were prejudicial and erroneous" is so lacking in particularity that it does not show "the specific grounds or causes therefor" (Sup.Ct.Rule 27.20) and is not reviewable. State v. Gaddy, supra. The information, in appropriate language, charged the offense of robbery in the first degree (State v. Foster, Mo., 249 S.W.2d 371), the defendant was present throughout the trial, there was allocution (Sup.Ct. Rules 27.08, 27.09) and there is no error "upon the record" (Sup.Ct.Rule 28.02) before the court (State v. Churchill, Mo., 299 S.W.2d 475), and accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.