**STATE of Missouri, Respondent,**

v.

**Samuel MONTGOMERY, Appellant.**

**No. 49396.**

Supreme Court of Missouri,

Division No. 2.

Sept. 9, 1963.

No attorney for appellant.

Thomas F. Eagleton, Atty. Gen., Robert R. Northcutt, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Samuel Montgomery was found guilty by a jury of assault with intent to kill on purpose and with malice aforethought. Section 559.180 RSMo 1959, V.A.M.S. After finding that the defendant had previously been convicted and sentenced for the felony of murder, second degree, as alleged in the indictment, punishment was fixed by the trial judge at thirty-five years' imprisonment. Sentence and judgment followed. A notice of appeal was not filed within the time prescribed by Supreme Court Rule 28.03, V.A.M.R., but a notice was subsequently filed pursuant to a special order of this court. Supreme Court Rule 28.07, V.A.M.R.

■ Defendant has filed no brief in this court. In this situation this court will review the assignments of error properly preserved in the motion for new trial. State v. Parks, Mo., 331 S.W.2d 547. By one of the assignments of error defendant asserts that the trial court erred in failing to direct a verdict of acquittal. In ruling this contention we consider the evidence, and the reasonable inferences therefrom, from a standpoint favorable to the state. When so considered a jury reasonably could find the following facts and circumstances.

■ At approximately 2:00 o'clock of the afternoon of October 31, 1960, Roy Witherspoon, age 62, was standing in front of the Meyer Brothers Grocery Store at 1903 Franklin Street in the City of St. Louis. The defendant approached and asked Witherspoon why he "told his woman to go home." Witherspoon answered that he had not "told the woman anything," and then asked, "Who is your woman?" Defendant replied that she was then coming across the street. The woman, not otherwise identified, went into a store, and when she came out defendant asked her to get in a truck but she refused. Defendant then told Witherspoon to "be there when I get back," and he drove away. Ten or twenty minutes later defendant returned, walked up to Witherspoon, took a .38 caliber revolver from his waist and said to Witherspoon, "I am going to kill you," and he then shot him in the right chest or shoulder. After Witherspoon fell to the sidewalk, defendant stood over him and shot at him three times; two of the bullets striking him in the head. As one eyewitness said: "After that Roy [Witherspoon] fell on the ground there," then the "man that shot him just stood over him and shot bang! bang! bang! Just like that."

The evidence clearly justified submission of the case to the jury upon the charge of assault with intent to kill on purpose and with malice aforethought. See State v. Finnell, Mo., 280 S.W.2d 110. There is no merit to the contention that the trial court erred in refusing to direct a verdict of acquittal.

## 318

Not one of the remaining twelve assignments of error in the motion for new trial is sufficient under Supreme Court Rule 27.20, V.A.M.R., to preserve anything for appellate review. For example, the first assignment is that "there was irregularity in the proceedings of the court and jury by which defendant was prevented from having a fair trial;" the third assignment is that counsel for the state "appealed to the sympathy, passion and prejudice of the jury;" and the fourth assignment is that "there was misconduct of the jury by which defendant was prevented from having a fair trial." As to the insufficiency of these assignments, see the general rules set forth in State v. Mallory, Mo., 336 S.W.2d 383, certiorari denied 364 U.S. 852, 81 S.Ct. 99, 5 L.Ed.2d 75; State v. Brewer, Mo., 338 S.W.2d 863; and State v. Turner, Mo., 272 S.W.2d 266, 48 A.L.R.2d 1008. The second assignment is that the court erred in "excessively interrupting counsel's cross-examination of the witness Ann Meyer, and by improper remarks and interruptions prevented counsel from impeaching her testimony." Although this assignment of error is insufficient, see State v. Gillman, Mo., 354 S.W.2d 843, we have read carefully all of the testimony of Ann Meyer. We find that during the cross-examination of this witness the trial court said only seven words, "overruled," "sustained," and "Jury instructed to disregard it." These words were said in ruling on two separate objections, and there is no assignment of error which purports to challenge the correctness of these rulings. We see no occasion to lengthen this opinion by reciting the substance of the remaining assignments in the motion for new trial to demonstrate why they are insufficient under the rules to present any issue for appellate review.

Pursuant to our discretionary authority to determine whether there occurred plain error affecting substantial rights, Supreme Court Rule 27.20(c), V.A.M.R., we have carefully read and examined the entire transcript, and our examination discloses no such error. We have also examined those matters in the record for which no assignment of error is required. Supreme Court Rule 28.02, V.A.M.R. The indictment is in proper form and is sufficient. The verdict of the jury is in proper form and is responsive to the issues, and the punishment fixed by the trial judge is within the limits prescribed by law. The record shows that defendant was arraigned and pleaded not guilty. Defendant and his counsel were present throughout the trial. Defendant was granted allocution, and the judgment is responsive to the issues and the verdict.

The judgment is affirmed.

BARRETT, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.