**STATE of Missouri, Respondent,**

v.

**Paul Andrew SMITH, Appellant.**

**No. 52273.**

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, W. Scott Pollard, Special Asst. Atty. Gen., St. Louis, for respondent.

J. Whitfield Moody, J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HOUSER, Commissioner.

Paul Andrew Smith was convicted by the verdict of a jury of the commission of the crime of forgery, under § 561.011, subd. 1 (3).[1]  The court having found him guilty of a previous felony, defendant was sentenced to 10 years in the custody of the department of corrections, under the second offender act.  § 556.280.

1.  All section references are to RSMo 1959, V.A.M.S.

On his appeal the only question is whether this conviction should be reversed on the ground that defendant's oral confession was improperly admitted in evidence, in violation of his constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States, because not voluntarily given. The claim of involuntariness is based upon the contention that defendant was not informed that he was entitled to counsel before making the oral statement.

While attempting to cash a check at a store defendant was arrested and taken to a police station. The interrogating officer asked defendant if he would make a written statement about "the check business" at the Safeway Store. Defendant said that he would. The officer then advised him of his constitutional rights; that he did not have to make a statement; that anything he said to the officer could be used in a court of law in event of a trial, and that he could consult with friends and attorneys. After having been so advised the defendant said, "No, I changed my mind, I would rather not make a written statement, but I will just tell you about it." The officer continued to talk to defendant "in regards to the check," without "repeating the rights to him twice." He asked him where he had gotten the check and he said he "got it from someone" but would rather not tell who "because he would not want to get anybody else in trouble." He then told the officer that he had attempted to cash this check because he needed the money.

■ This case was tried prior to June 13, 1966. The proper test to be applied in determining the admissibility of statements offered in trials occurring before that date is whether the totality of circumstances deprived the defendant of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that the defendant's will was overborne at the time he confessed. One datum of importance bearing on the inquiry is the presence or absence of advice concerning the defendant's constitutional rights, including his right to communicate with lawyers and the granting or refusal of requests to communicate with lawyers. State v. Beasley, Mo.Sup., 404 S.W.2d 689, 692[4]; State v. Craig, Mo. Sup., 406 S.W.2d 618, 623[8, 9].

It is not contended that defendant was wholly uninformed with respect to his right to counsel, or that he was denied a request to communicate with counsel. He concedes that after he had agreed to make a *written* statement about the subject matter of the inquiry the police officer informed him of his right to consult with an attorney and was told that anything he said could be used in a court of law in the event of a trial. There is no evidence that he asked for an opportunity or time in which to consult a lawyer. His objection is that he was not sufficiently apprised. He objects to the officer's "vague reference to lawyers" and contends that he did not understand that an *oral* statement could or would be used against him. His position is that a suspect is entitled to the guiding hand of counsel at every step of the proceedings against him; that the period of interrogation is a critical period in the proceedings, and that he should have been informed of his right to consult with counsel not only when the subject of a written statement was under discussion, but also should have been so informed a second time, when it became apparent to the officer that defendant was going to make an oral statement. He also takes the position that the officer knew from experience that one who would attempt to cash a check for $51 very likely did not have funds to hire a lawyer, "yet the officer did not ask him if he could hire counsel and did not inform him that if he could not, the Court would appoint him one."

■ Where before incriminating himself a suspect is told that he has a right to obtain counsel, consult with a friend or remain silent and say nothing, and that what-

ever he says may be used against him, the essential requirements are met. State v. Boykins, Mo.Sup., 399 S.W.2d 70. In this case, as in Boykins, there is not the slightest intimation that defendant's incriminating statements were made as a result of threats, force, promises, or physical or mental coercion. When under these circumstances an officer thus informs a suspect of his constitutional rights and gives him the option of proceeding with his statement or of discontinuing the interview to give him an opportunity to talk to a lawyer or with friends, and the suspect elects to go ahead with his recital, any incriminating statements made to the police thereafter, whether oral or written, may be used against him at the trial. Once having been advised as to his right to counsel; that he is not obliged to make *any* statement, and that *anything he says* may be used against him in court, he is not entitled to a second admonition, and may not claim foul, where he mistakenly interprets the first admonition to apply only to written statements. "Anything you say" reasonably includes both oral and written statements.

In State v. Craig, supra, it was contended in effect that admissions are to be considered involuntary if made outside the presence of counsel. Instead, we applied the totality of circumstances rule. "We have never held that the lack of an attorney when a defendant is interrogated and a statement is taken renders the confession invalid per se." State v. Davis, Mo.Sup., 400 S.W.2d 141, 149. Nor have we ever held that there is a duty on the part of an interrogating officer to inquire into the financial ability of a suspect and in case of indigency to inform him of his right to court-appointed counsel.

■ There is no evidence that defendant was deprived of a free choice to admit, to deny or to refuse to answer, or that he was subjected to any coercion whereby his will was overborne, considering the advice which was given him concerning his constitutional rights, and the duration of and the circumstances surrounding the interrogation which preceded the making of the incriminating statement. From the totality of the circumstances it appears that defendant's statement was voluntary and that it was properly admitted in evidence.

An examination of the record as required by Criminal Rule 28.02, V.A.M.R. discloses no error.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinon by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.