**STATE of Missouri, Respondent,**

v.

**Samuel MONTGOMERY, Appellant.**

**No. 49396.**

Supreme Court of Missouri,
Division No. 3.

March 14, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Ben Ely, Jr., Sp. Ass't. Atty. Gen., St. Louis, for respondent.

Richard S. Snyder, St. Louis, for appellant.

SAMUEL E. SEMPLE, Special Judge.

Defendant was found guilty by a jury of assault with intent to kill on purpose and with malice aforethought. Section 559.180 RSMo 1959, V.A.M.S. The trial court heard evidence outside the presence of the jury and found that the defendant had previously been convicted and sentenced for the felony of murder, second degree, as alleged in the indictment. The court fixed the punishment at 35 years' imprisonment. Sentence and judgment followed. An appeal was filed but no brief was filed on behalf of defendant. This court affirmed the conviction, State v. Montgomery, Mo., 370 S.W.2d 316. Pursuant to the decision in Bosler v. Swenson, 363 F.2d 154 (8th Cir.), this court set aside its judgment affirming the conviction, reinstated the cause on the docket, and ordered the trial court to appoint counsel to represent defendant on this appeal in accordance with S.Ct. Rule 29.01(c), V.A.M.R. Counsel was appointed for defendant and the appeal is again submitted.

This case was tried in January 1961. The State presented evidence that on October 31, 1960, at about 2 p. m., one Roy Witherspoon was shot three times, once in the right shoulder and twice in the head. The shooting occurred in front of the Meyer Brothers Grocery Store at 1903 Franklin Street in the City of St. Louis. State's witness Witherspoon and other persons who were at the scene testified in substance that defendant approached Witherspoon and after a conversation about a woman defendant drove away in his truck. Ten or twenty minutes later defendant returned in his truck, accosted·Witherspoon, pulled out a revolver and shot him in the right chest or shoulder. After Witherspoon fell to the sidewalk defendant stood over him and shot at him three times; two of the bullets striking him in the head. Defendant after the shooting left in his truck. Police Officer William Miller testified that he stopped defendant in his truck a short time later and asked defendant if he had shot a man a few minutes before and the defendant answered, "Yes," and he said he "would have shot him some more but he didn't have any more bullets for his gun." The defendant was arrested and taken to the Ninth District Police Station. Police Officer Donald Roach testified that later the same afternoon he took defendant from the Ninth District Station to the Central District and after arriving at the Central District, in talking to defendant, defendant stated that he had shot Witherspoon.

There was no objection made at the time the two police officers testified as to the incriminating statements by the defendant. Defendant's motion for new trial did not raise the question as to the admission of the oral statements.

■ Defendant now contends on this appeal that the oral statements of defendant were involuntary and therefore inadmissible. He states that the State failed to show that he was advised of his constitutional rights to counsel, to remain si-lent, and that anything he stated might be used against him, before giving the statements. Defendant argues that the State had the burden of proving the voluntariness of the confessions and in support thereof cites State v. Bradford, Mo., 262 S.W.2d 584; State v. Statler, Mo., 331 S.W.2d2d 526; State v. Williams, Mo., 369 S.W.2d 408; State v. Joyner, Mo., 382 S.W.2d 683.

It is true that the State has the burden to show a confession was voluntary, provided however the defendant must first raise the issue of voluntariness by objecting to the confession or requesting a preliminary investigation as to the confession being voluntary. A confession is presumed to be voluntary until the contrary is shown. State v. Higdon, 356 Mo. 1058, 204 S.W.2d 754, 755; State v. Martin, Mo., 347 S.W.2d 680, 682; State v. Menz, 341 Mo. 74, 106 S.W.2d 440. The record here does not show any evidence that the confessions or incriminating statements of defendant were involuntary, nor was there any request for a preliminary investigation as to the voluntariness of the confessions. In addition there was no offer of proof impeaching the voluntary character of the confessions. State v. Martin, supra.

This case was tried in January 1961. It was not until 1966, Miranda v. State of Arizona, 86 S.Ct. 1602, 384 U.S. 436, 16 L.Ed.2d 694, that the absence of advice as to constitutional rights in and of itself was held to be sufficient basis for excluding a confession. Prior to June 13, 1966, the proper test used in determining the admissibility of statements is whether the totality of circumstances deprived the defendant of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed. State v. Smith, Mo., 415 S.W.2d 748, 750. The presence or absence of advice concerning the defendant's constitutional rights is one of several factors considered in determining the voluntary character of a confession.

Other facts to be considered were the existence of threats, force, promises, or physical or mental coercion. State v. Smith, supra. The mere fact that defendant was in custody in the present case and no evidence of defendant being advised of his constitutional rights does not establish in and of itself that defendant's confessions were involuntary as a matter of law. State v. Martin, supra; State v. Keck, Mo., 389 S. W.2d 816, 818. The record does not reveal any evidence of prolonged detention, physical violence, coercion, threats or promises. For all that appears in the record here defendant's confessions or statements to officers Miller and Roach were voluntarily given and the defendant's contention raising the issue of their admission in evidence is denied.

 Defendant's second point complains of the identification at the trial, in full view of the jury, of the female friend (a white woman) of defendant (a Negro) because this evidence was totally irrelevant, incompetent, and immaterial to the State's case and was put into evidence only to create passion and prejudice in the minds of the jury against defendant.

The only indication of racial difference between defendant and the woman and the composition of the jury on the basis of race is contained in an "Affidavit of Matters Dehors the Record" which was made some six years after the trial by defendant's trial counsel and attached to defendant's brief. The affidavit is not a part of the official transcript and respondent has not agreed to its filing and has not conceded the truth of the contents of the affidavit. Since the affidavit is not part of the official transcript it cannot be considered by this court. Kansas City v. Mathis, Mo.App., 409 S.W.2d 280; State v. Burrington, Mo., 371 S.W.2d 319. Defendant cites the case of City of St. Louis v. Vetter, Mo.App., 293 S.W.2d 140, as authority for the court's consideration of matters outside the official record. That case is distinguishable as it involved a situation where all the parties conceded the truth of the matters outside the record. Such is not the situation in this case as respondent does not concede the truth of the matters contained in the affidavit. In addition, this point was not raised in defendant's motion for new trial and is not preserved for consideration on this appeal. State v. Spica, Mo., 389 S.W.2d 35, 50.

All of the contentions of error presented by the defendant on this appeal have been examined and no error prejudicial to defendant has been found.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

HOLMAN, Acting P. J., and COOK, Special J., concur.