STATE of Missouri, Respondent,

v.

Forreak C. CHINEY, Appellant.

No. 52469.

Supreme Court of Missouri,
Division No. 1.

Dec. 9, 1968.

Norman H. Anderson, Atty. Gen., Maxim N. Bach, Asst. Atty. Gen., Jefferson City, for respondent.

Kenneth K. Simon, Kansas City, for appellant.

HOUSER, Commissioner.

Forreak C. Chiney, charged with and convicted by a jury of burglary in the second degree, § 560.045, RSMo 1959, V.A.M. S., and sentenced to confinement at the direction of the department of corrections for 5 years, has appealed.

At 9 p.m. on October 21, 1965 Mrs. Mae Keet noticed a man standing outside the residence of Charles Bruce, her next-door neighbor. She heard the noise of glass crashing, and saw appellant at Bruce's front door. A small glass was broken out of the door but was so high "you couldn't get your hand down to unlock the door." She saw appellant walk through the yard to the back door. She heard a second crash of glass. Looking from her window into the Bruce window (only 5 feet distant) she observed the man coming out of the bedrooms piling some boxes and clothes in the hall. She called the police. When they arrived they knocked on the front door. The man started running out the back door. The police pursued, caught and returned the man who, according to Mrs. Keet, "admitted breaking in." (The court overruled a request that this be stricken and the jury instructed to disregard it as an admission "without proper foundation being laid.") Mrs. Keet made a courtroom identification of appellant as the man she heard make the admission.

Mr. Bruce testified that he locked his door that evening and went to choir practice. Upon his return he found a small pane of glass in the front door broken. Both back doors were broken. Some of his personal things had been collected together and piled up in the front room, including suits, hats, cigarettes, a table model television and a small clock radio. The police were holding appellant in custody. Mr. Bruce knew appellant, who had been in his home several times as a social guest. On occasion Mr. Bruce had permitted appellant to enter the house to use his telephone. Appellant had once stayed all night in his house. Mr. Bruce had not given appellant a key or permission to enter his home in his absence. In answer to the question whether he spoke to appellant upon his return to his home Mr. Bruce answered in the negative, giving as his reason that the officers said "He has already confessed." On request the court instructed the jury to disregard that statement.

The policemen testified that after being summoned by a prowler call they went to the address of Mr. Bruce. Officer Portwood went to the front door. They heard a noise inside the house. Officer Arnold circled around to the back of the house, observed appellant run out of the back door, drew his revolver and ordered him to halt and turn around. Appellant stopped, turned and removed a black sock off each hand and dropped the socks to the ground.

The foregoing evidence is sufficient to sustain the conviction of burglary second degree.

In the course of his opening statement to the jury the assistant prosecuting attorney, after outlining what the testimony would be and after referring in particular to what the patrolmen would testify said, "They will testify that he [referring to appellant] orally admitted committing this * * *." Appellant's counsel asked that this be stricken and the jury instructed to disregard it "because we should have a hearing out of the hearing of the jury on that." The objection was overruled. The state introduced the testimony of Mrs. Keet, Mr. Bruce and that of Policeman Arnold. After Officer Arnold had testified to the arrest, the situation the officers found in the Bruce residence, and other facts implicating defendant, the court sent the jury out of the courtroom and conducted a hearing in the absence of the jury on the voluntariness of appellant's admission. In that hearing the officer testified that after appellant was handcuffed he was taken into the house and shown the property; that he stated that he had been in the house; that he did break into the house; that he had come there with the intention of breaking in and stealing the property; that he brought the property to the living room and stacked it there and was preparing to take it out the back door to put it in a vacant building at 122 Michigan Street. The officer stated that questions were asked periodically and that appellant offered the information "relatively voluntarily," without threats, pressure or promises and that "no blows were struck." The officers, however, did not inform appellant of his constitutional rights. The court sustained appellant's objection to the admission of the incriminating statements on the ground that he had not been advised of his rights. The trial resumed but before any further testimony was heard appellant's counsel made the following objection: "I am going to ask at this time that the jury be discharged for the reason that the Prosecutor in his opening statement alluded to the confession that has just been ruled legally inadmissible and so prejudiced the defendant that the only way to rectify it is by discharge of the jury and a new trial." The court declined to order a mistrial.

Appellant's first two points are related and may be treated together. Error is assigned in the failure of the court to discharge the jury after the prosecuting official referred to a confession which would be introduced in evidence, and error in the admission in evidence of Mrs. Keet's testimony that an oral admission of guilt had been made, in view of the fact that the oral admission was later ruled inadmissible. It is urged that the prosecuting official should have known that the incriminating statements would prove inadmissible; that he nevertheless referred to appellant's admissions for the sole purpose of inflaming the jury, and did so in bad faith. The gist of the complaint with reference to Mrs. Keet's testimony that appellant "admitted breaking in" is that the court failed to grant a preliminary hearing on the matter and subsequently failed to give curative instructions to vitiate the harm done, as was done with approval in State v. Levy, 262 Mo. 181, 170 S.W. 1114.

This trial occurred after Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, was decided, and before the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974. The requirements of Miranda are not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Escobedo has no application in this case for the reasons stated in State v. Nolan, Mo.Sup., 423 S.W.2d 815, 817[2]. Under the law in effect on the date of this trial, April 18, 1966, the test to be applied in determining the admissibility of incriminating statements was "whether the totality of circumstances deprived defendant of a free choice to admit, to deny, to refuse to answer, and whether there was physical or psychological coercion of such a degree that defendant's will was overborne at the time he made the incriminating statement. State v. Beasley, 1965, Mo.Sup., 404 S.W.2d 689." State v. Craig, Mo.Sup., 406 S.W.2d 618, 623 [9]. Under the totality of

circumstances test the incriminating statements were admissible. Under then-existing law the incriminating statements to the police were not rendered inadmissible against appellant on the ground that he was not advised that any admission he might make could be used against him, State v. Keck, Mo.Sup., 389 S.W.2d 816; State v. Martin, Mo.Sup., 347 S.W.2d 680; or that he had a right to remain silent, State v. Glenn, Mo.Sup., 429 S.W.2d 225, 233[9]; or that he had a right to counsel. State v. Laspy, Mo.Sup., 323 S.W.2d 713. Furthermore, there were special circumstances affecting the requirement of cautioning with respect to constitutional rights. An eyewitness saw and heard appellant's activities and movements before and after he broke into the house and observed him inside the house as he was assembling for asportation the articles intended to be stolen. He was apprehended in the act of fleeing from the burglarized premises. Appellant's incriminating statements, made immediately or within minutes after being thus caught "red-handed," are not to be excluded on the ground that he was not first advised of his constitutional rights to remain silent, to counsel, to consult with a friend, and that anything he might say could be used against him. State v. Gower, Mo.Sup., 418 S.W.2d 10, 14 [5]. As in State v. Linder, Mo.Sup., 412 S.W.2d 412, so in this case, appellant's was not an "unsolved crime." Any "custodial investigation" was superfluous. By his self-evident actions and conduct appellant had convicted himself. Appellant's voluntary statements to the officers and Mrs. Keet, admitting and filling in the details of the crime to which they had been witness minutes before, added little new information to what was obvious to all. To require cautioning with respect to constitutional rights under these circumstances would exalt form above substance and would be reductio ad absurdum.

■ The testimony of the officers and of Mrs. Keet with respect to appellant's incriminating admissions having been admissible in evidence, the opening statement by the prosecuting official that the patrolmen would testify that defendant "orally admitted committing this * * *" was fully justified. There is nothing to show that he made the statement in bad faith with knowledge that it would be ruled out. He had the witnesses to prove that the statement was made and that it was voluntary. Miranda v. Arizona had not been decided. Under existing law voluntary incriminating statements were not excluded for failure to advise an accused of his constitutional rights. Appellant's first two points are disallowed.

■■ Complaint is made about the admission in evidence of two photographs, one showing the back door of the premises burglarized, the other showing divers property stacked in the living room of the premises, certain articles of which had been upset. The objection on appeal is that they are lacking in relevance and materiality; that they do not prove or disprove any issues in the case. This point is overruled for two reasons. First, no objection was made to their admission in evidence when they were offered and no ruling excluding them was requested after they were admitted. Next, they were admissible in evidence because they were of assistance to the jury in showing the locus in quo and the facts with respect to the assembling of the articles intended to be taken. They were identified by the owner of the premises. There is no contention that they do not fairly represent conditions and objects present at the time and place in evidence. A case in point, demonstrating that there was no error in their admission, is State v. Sims, Mo.Sup., 395 S.W.2d 445, 449 [5, 6]. See also State v. King, Mo. Sup., 334 S.W.2d 34, 38 [4].

■ Finally, it is claimed that the court erred in admitting the testimony of the victim of the crime with respect to his previous contacts with appellant, "reflecting the victim in a favorable light as a good samaritan and benefactor of the de-

fendant on several occasions," thus tending to generate sympathy for the victim and a sense of ingratitude by the appellant. The principal objection is that these matters were not material to the issues below and that they were offered for the purpose of prejudicing the jury. This point is not well taken for two reasons. First, the evidence was material and relevant to prove appellant's familiarity with the physical surroundings and characteristics of the premises burglarized. Next, it does not lie in the mouth of appellant to complain of testimony showing that the victim and the appellant had social relationships on the premises, in view of the fact that appellant himself introduced as his only witness one Samuel Ware, who testified on direct examination that as a guest of the victim he visited in Mr. Bruce's home in May, 1965; that he and appellant and Mr. Bruce were "partying"—having some drinks—and that he and appellant stayed there all night.

The amended information, verdict, judgment and sentence are lawful and sufficient. Appellant was accorded allocution. He had the benefit of counsel at the trial and on this appeal. We find no error in this record.

Judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., adopted as the opinion of the court.

STORCKMAN, J., and BILLINGS, Special Judge, concur.

SEILER, J., concurs in result.

HENLEY, P. J., not sitting.