Samuel MONTGOMERY, Appellant,

v.

STATE of Missouri, Respondent.

No. 55410.

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

Fred E. Arnold, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

After two unavailing appeals to this court on the merits of his conviction of assault with intent to kill (State v. Montgomery, Mo., 370 S.W.2d 316 and 424 S.W.2d 744), Samuel Montgomery has now appealed from the order of the trial court denying relief on his motion pursuant to Supreme Court Rule 27.26, V.A.M.R. We affirm.

The record of his trial shows that on October 30, 1960, defendant said to Roy Witherspoon, "I am going to kill you," and that he then shot him. After Witherspoon fell to the ground, defendant stood over him and fired three more shots, two striking him in the head.

In the motion filed pursuant to Rule 27.-26, defendant alleged two grounds for relief which are now abandoned because not briefed. They are that he was not given what are now called the Miranda warnings, and that he was denied a preliminary hearing. The total lack of merit of these contentions explains their abandonment. Defendant's trial was held long before the pronouncement of the nonretroactive rule in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and he was charged by grand jury indictment rather than by information, and for that reason no preliminary hearing was called for.

Defendant alleged as his third ground for relief that he was not furnished counsel at arraignment. The transcript of his trial shows that on November 16, 1960 counsel was appointed for him and that he

was "duly arraigned * * * and pleaded not guilty." It does not affirmatively show the presence of counsel at arraignment and the testimony of his counsel at the hearing on the motion indicates that he was not present. In answer to the question as to whether he had counsel present at arraignment, defendant stated, "Not as I know anything about." We shall assume counsel was not present at arraignment. However, defendant makes no attempt to demonstrate how or in what respect he sustained any prejudice. The entry, without more, of a plea of not guilty, as distinguished from a plea of guilty, without the presence of counsel could not have resulted in any disadvantage to defendant or advantage to the State. In State v. Benison, Mo., 415 S.W.2d 773, it was held that the absence of counsel at arraignment is not per se a violation of any constitutional right, and we adhere to that ruling. See also McClain v. State, Mo., 448 S.W.2d 599, and State v. Donnell, Mo., 430 S.W.2d 297.

■ Defendant's next ground for relief is that his appointed counsel was ineffective in the constitutional sense. In an attempt to support this claim he asserts the following as evidence thereof: (a) his counsel failed to object to the admission of defendant's confession and as a result the State was not required to prove it was voluntary; (b) his counsel failed to incorporate in the motion for new trial the assignment that error resulted when the court overruled his objection to the identification of defendant's girl friend thereby failing to preserve the point for consideration on appeal; and (c) his counsel "failed to exercise sufficient diligence in conferring with the defendant" and he "interviewed only one of the State's witnesses prior to trial."

The so-called confession consisted of incriminating statements made by defendant to police officers at or following his arrest. Defendant does not now contend that the statements were not voluntary on his part. His trial counsel testified that prior to trial he knew of those statements, but he had no reason to believe they were not voluntarily made, and that defendant made no such contention. Regardless of whether counsel objected to them, if they were not erroneously admitted in evidence, defendant could not have sustained any prejudice. In addition, we note that contrary to the assertion of defendant, in his second appeal this court reviewed the issue and ruled adversely to defendant's contention that the incriminating statements were erroneously admitted in evidence. See State v. Montgomery, Mo., 424 S.W.2d at p. 745. If the admission in evidence of the statements, even though without objection, was not error, and this court has so ruled, the absence of an objection could not demonstrate ineffective counsel.

As to the argument that counsel did not include an assignment of error in the motion for new trial, we again note that on the second appeal this court, after commenting on the deficiency of the motion, ruled the merits of the contention concerning the identification of defendant's girl friend. See 424 S.W.2d at p. 746. Again, if the objection was properly overruled, and this court has so ruled, the failure to make it the basis of an assignment of error in the motion for new trial could not demonstrate ineffective counsel.

The record does not support the contentions of defendant that counsel failed to exercise diligence or that he interviewed only one of the State's witnesses before trial. Counsel discussed the case with defendant at least once and probably twice, and there is no contention that he had helpful information which he could not get to his counsel. No set rule can be established as to how many times or for how long counsel should confer with a person accused of a crime. Johnson v. State, Mo., 442 S.W.2d 41. Trial counsel testified that he located and interviewed three witnesses indorsed by the State, and he located and interviewed at least one other witness who may not have been indorsed. In addition, he made arrangements with the circuit attorney to have witnesses for the State to

be interviewed by him at the circuit attorney's office, and he interviewed still another witness which was made available to him pursuant to that arrangement.

The court's finding that there was no merit to the contention of ineffective counsel has support in the record and is not clearly erroneous.

■ Defendant's final contention is that he was not present when "jury challenges were indicated and when the jury was sworn." We should mention first that in his motion defendant first alleged that he was not present during the voir dire examination or the swearing of the jury. This allegation was amended by his counsel at the beginning of the hearing to allege that he was not present during the selection or the swearing of the jury. Notwithstanding, defendant testified that he was not at the voir dire examination, and also that he was not present in court when counsel made their opening statements or at any time before the first witness was called to testify in the case. His trial counsel testified that defendant was present during the voir dire examination and during the opening statements. The record of trial shows that when the proceedings started defendant was present in person with his counsel, and that a jury was "duly empaneled and sworn." It does not contain the voir dire examination. However, the court reporter was called as a witness and he read from his shorthand notes taken at the trial which established the presence of defendant at the voir dire examination. Although defendant does not now contend he was not present during the voir dire examination and the opening statements, this testimony by him, in view of the record and the testimony of the reporter, would have a material effect on his credibility and the weight to be given to other testimony by him.

Trial counsel testified that defendant was not present when he advised the court of the names of the jurors to be stricken on peremptory challenge, and that according to his recollection this was done in the judge's chambers. He further testified: "We then came out into the courtroom, I believe, and the entire panel came in. The defendant was here, court resumed, and at that time the judge announced the jurors, * * * This left twelve jurors. They were then sworn, and I think the trial commenced."

■ The fact that defendant was not present when counsel performed the messenger service of advising the court of the names of those jurors to be peremptorily challenged is immaterial. As to the contention that defendant was not present when the jury was sworn, the resolution of this issue was based primarily on credibility. The trial court held that defendant failed to meet his burden of proof, which necessarily meant that the court did not believe him. The issue before us is whether the finding was clearly erroneous, and it was not. This is not a situation where the court may disbelieve a defendant and find adversely to his contention when the defendant's evidence is uncontradicted. Here there was ample evidentiary support for the court's finding, and in addition there was ample basis for disbelieving the defendant. The finding of the court was not clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.