**STATE of Missouri, Respondent,**

**v.**

**John Andrew BENISON, Jr., Appellant.**

**No. 52691.**

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Louis C. Defeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

J. Whitfield Moody, J. Arnot Hill, The Legal Aid and Defender, Society of Greater Kansas City, Kansas City, for appellant.

HENLEY, Judge.

John Andrew Benison, Jr., appeals from an order overruling his motions (1) to withdraw his plea of guilty, Criminal Rule 27.-25, V.A.M.R., and (2) to vacate and set aside his sentence, Criminal Rule 27.26, V.A. M.R.

He was charged by information filed January 27, 1964, with robbery in the first degree by means of a dangerous and deadly weapon. Section 560.135, RSMo 1959, V.A. M.S. On the same day he was formally arraigned and counsel was appointed to represent him. A plea of not guilty was entered and the cause was set for trial for March 9. Thereafter, on April 9, 1964, he appeared in court with counsel and withdrew the plea of not guilty, and entered a plea of guilty. On the same day he was sentenced to imprisonment for twenty years in the custody of the Department of Corrections.

On September 27, 1966, he filed the above-mentioned motions, each alleging essentially the same grounds, viz:

"(1) Movant was not represented by counsel at his preliminary hearing in violation of his rights under the Sixth Amendment to the United States Constitution.

"(2) Movant was unconstitutionally denied a proper preliminary hearing in magistrate court in that he was charged with a capital offense and no transcript of evidence was made.

"(3) The information is fatally defective.

"(4) That the circumstances of this cause cannot support a conviction for 1st Degree Robbery, as charged in the information.

"(5) Ineffective assistance of counsel."

Thereafter, on October 3, 1966, the court entered orders (1) appointing the Legal Aid and Defender Society of Kansas City to represent defendant in the proceedings on these motions, (2) directing that defendant be returned to Kansas City for a hearing, and (3) setting the hearing for October 28, 1966. On that date defendant appeared in person and with his counsel, J. Arnot Hill of the Legal Aid and Defender Society. Evidence was heard, and thereafter the

court entered its order overruling the motions in accordance with findings of fact and conclusions of law. Defendant is represented on appeal by Mr. Hill; he has filed a brief and presented oral argument in defendant's behalf. We affirm the order of the trial court.

In addition to the allegation in his motions that he was denied counsel at his preliminary hearing in violation of constitutional rights, he also contended, at the hearing, that those rights were again violated by denying him counsel at his arraignment. The court noted in its findings of fact that defendant recently had filed a verified supplemental motion alleging violation of constitutional rights by denial of counsel at arraignment, and considered and ruled this allegation, along with the others, in its findings, conclusions and order.

■ His arraignment was very brief. It consisted of: (1) an inquiry by the court whether he had a lawyer and, if not, whether he had made arrangements to employ a lawyer, to which he replied that he did not have a lawyer and did not have funds with which to employ one; (2) the court's advice that it would appoint a lawyer to represent him; (3) reading of the information to defendant; (4) the court's entry of a plea of not guilty for defendant. During these proceedings, defendant, in effect, stood mute, except to reply to the court's inquiries about counsel, and to ask when appointed counsel would see him. He did not plead "guilty" or "not guilty"; the not guilty plea was entered for him by the court as required by Criminal Rule 25.04, V.A.M.R., and § 546.020, RSMo 1959, V.A. M.S. The court immediately appointed counsel to represent him, as required by Criminal Rule 29.01, V.A.M.R., and no further proceedings were had until defendant next appeared in court with counsel on

April 9. During the arraignment proceeding defendant made no statements or admissions pertaining to any part of the charge against him; as stated, he, in effect, stood mute. At this stage of the proceedings he was not required under the laws of this state to assert any right, plea or defense to preserve any statutory or constitutional right; no possible rights, pleas or defenses were lost to him at these proceedings; they were preserved inviolate, and no prejudice to defendant resulted.

■ The rule requiring counsel upon arraignment is not inflexible; it is not required where, as here, no later prejudice could possibly result from the absence of counsel. The absence of counsel during arraignment is not, per se, a violation of the Sixth Amendment. State v. Owens, Mo., 391 S.W.2d 248, 254 [9]; United States ex rel. Caccio v. Fay, (Second Circuit), 350 F.2d 214, 215.

■ His contention that his rights under the Sixth Amendment were denied because he was not represented by counsel at his preliminary hearing is also denied. This court has held in several recent cases that neither the federal or state constitution, nor the statutes of this state require the appointment of counsel for an accused at a preliminary examination. See: State v. Engberg, Mo., 391 S.W.2d 868, 870 [3, 4]; State v. Owens, supra; State v. Turner, Mo., 353 S.W.2d 602, 604 [6–8] and cases there cited. The cases [1] cited by defendant are not applicable under the facts shown by this record.

■ In the second point briefed he contends that his preliminary hearing was illegal and that he was denied a proper preliminary examination, because he was charged with a capital offense and no transcript of the evidence adduced at that hear-

---

1. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

ing was made. Criminal Rule 23.12, V.A. M.R., and § 544.370, RSMo 1959, V.A.M.S., provide that evidence given at a preliminary hearing shall be reduced to writing " * * In all cases of homicide * * *." A transcript of the evidence is required in no other cases, capital or otherwise. The point has no merit and is overruled.

His next point is that the information is fatally defective in that it does not allege all essential elements of first degree robbery. Specifically, he charges that the information fails to: (1) " * * * [allege] the ownership of the articles and the money that was allegedly stolen * * *;" (2) " * * * [allege] that the injured party was the owner or the agent in charge thereof." He further charges that the information is fatally defective, because it alleges that the articles stolen were used to make the assault.

The allegations of the information refute the charges that it failed to allege ownership and that the "injured party" was the owner or agent in charge of the property. The information charges the taking of the property " * * * of the said Henry Christman, from the person and in the presence and against the will of the said Henry Christman, * * * by force and violence to the person of the said Henry Christman ' * * *." The information alleges all essential elements of the crime sought to be charged, and clearly informed him of the nature and cause of the accusation against him. McCarthy v. Eidson, Mo., 262 S.W.2d 52, 53–54, and cases there cited.

There is no merit in his contention that the information charges that the articles stolen (two revolvers and $1,800.00 in money) were used to make the assault and for that reason was fatally defective. The information charges an assault by

means of " * * * a dangerous and deadly weapon, to-wit: pipe wrench and fists * * *" and the taking of the described property. Although it might appear to the untrained eye that the information charges an assault by use of the articles stolen it does not do so. The form of the information is archaic and its continued use is not to be commended, but it does inform defendant of the nature and cause of the accusation against him. Actually, defendant's attack upon the information in this particular is no more than an objection to its form; not that it lacks an essential element or that it fails to inform him of the offense with which he was charged. The form of the information does not in any respect tend to prejudice substantial rights of defendant, and such objection as he may have to alleged imperfections in its form should have been made before his plea of guilty. Tucker v. Kaiser, Mo., 176 S.W.2d 622, 624 [3]; § 545.030, RSMo 1959, V.A. M.S.

The fourth ground in his motion is "That the circumstances of this cause cannot support a conviction for 1st Degree Robbery * * *." From the same numbered point in his brief we learn that by "circumstances" he means that the evidence does not support the charge, because, he says, it is his understanding that the money and articles stolen were not the property of Henry Christman, as charged, and that Christman was not the agent of the owner but was the night watchman or janitor.

Counsel states with admirable frankness that the cases[2] cited on this point in defendant's motion to vacate do not support the point. We agree. The motions filed by defendant are not available as vehicles to be used for review of a claim that the evidence does not support the charge. State v. Wiggins, Mo., 360 S.W.2d 716, 718 [2]; State v. Thompson, Mo., 324 S.W.2d 133, 135–136 [4].

2. State v. King, 174 Mo. 647, 74 S.W. 627; State v. Rutledge, 304 Mo. 32, 262 S.W. 718; State v. Casey, Mo., 247 S.W. 114; State v. De Witt, 191 Mo. 51, 90 S.W. 77.

Defendant's last point briefed is that he was denied effective assistance of counsel before and at the time of his plea of guilty in violation of rights guaranteed by the state and federal constitutions.

At the hearing on the motions defendant testified: "It was my understanding that my court-appointed counsel was principally a civil lawyer; therefore, I didn't feel that he would be competent to defend a criminal case." This statement is essentially the sole basis of his charge that he was denied effective assistance of counsel. He further testified that counsel conferred with him several times at the county jail before entry of his plea of guilty; that counsel told him he had had access to all of the state's files on the evidence it had available to produce at his trial, and what that evidence would be; that he was afraid the death penalty might be assessed and he decided to plead guilty after his counsel informed him that state's counsel would recommend a sentence of twenty years should he plead guilty. Forrest W. Hanna, court-appointed counsel representing defendant at the time of his plea of guilty, testified to his experience at the bar, and further testified that he had conferred with defendant on several occasions at the jail before his entry of a plea of guilty; that he informed defendant of his examination of the state's files and what evidence he had learned the state had available to produce at a trial; that he discussed this evidence with defendant in detail, one bit of evidence being that the victim of the robbery had been so beaten that he probably would remain "a mere vegetable," alive but unable to communicate; that he had researched several questions pertaining to the admissibility of evidence he knew the state possessed; that he discussed the facts and the applicable law with his law partners; that he was then, and still is, of the opinion that the state could make a strong submissible case against defendant, and that his punishment at the hands of a jury would have been more than that which state's counsel had recommended; that he advised

defendant of all facets of the charge and what the punishment could be under the law.

The court found that Mr. Hanna was an able trial attorney with experience in the trial of civil and criminal cases; that he had taken a deep personal interest in defendant, had informed him of the evidence available against him, had advised him of his rights, and had represented him ably and effectively. The findings of the trial court are to be upheld unless clearly erroneous. State v. Richardson, Mo., 347 S.W.2d 165, 173 [11]. The court concluded that defendant was not denied effective assistance of counsel. We have reviewed the evidence and reach the same conclusion.

The order overruling the motions is affirmed.

All concur.