E. J. McCLAIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54741.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1970.

Bourne Bean, George S. Thomas and Thomas E. Wack, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was convicted of the crime of murder in the first degree in a trial to a jury, and was sentenced on March 28, 1941, to life imprisonment. No appeal was taken from the judgment of conviction. He now seeks relief from his sentence under Supreme Court Rule 27.26, V.A.M.R.

The grounds for vacating, setting aside or correcting the sentence are "(a) Denial of counsel at arraignment on capital offense. (b) Denial of the effective assistance of counsel during trial. (c) Denial of counsel during a critical stage of the trial; during deliberations by the jury where legal questions were asked and answered against objections. (d) Denial of counsel during sentencing on a capital offense. (e) Denial of the statutory right of direct appeal of conviction for First Degree Murder."

By order of this court on November 12, 1968, the case on original appeal from a denial of his motion for relief under Rule 27.26 was remanded for an evidentiary hearing. That hearing was had January 17, 1969. Appellant testified that when he was arraigned on the charge of first degree murder he was not represented by counsel. He asked the court that he be given time to obtain counsel, but the court told him he would have to enter a plea. Appellant did not plead, but the court entered a plea of not guilty for him. Appellant thereafter obtained counsel, the first being Mr. Morris Shenker. "They wouldn't give him time to prepare the case and interview no witness, and he withdrew. He said he couldn't do me justice or himself either." Then appellant obtained Mr. Lou Reidel who represented him at the trial. During the trial, when the jury was deliberating, the jury came in and asked a question. Appellant was there at the time, but Mr. Reidel was not in the courtroom.

The jury asked the court if appellant could be convicted of a lesser crime. Appellant "told them I would like to have my attorney present," but the judge just went ahead and answered the jury's question: "He told them to consider the Instruction No. 1, Murder First Degree, and go by that and read it," but gave no affirmative response to the question of whether appellant could be convicted of a lesser offense.

Appellant testified further that Mr. Reidel was not present when he was sentenced, and promised him that he would file a motion for new trial. Mr. Reidel came to the jail and talked to appellant after he had been sentenced and appellant then asked him to appeal to the Missouri Supreme Court. Appellant did not hear from Mr. Reidel any more.

On cross-examination it was brought out from appellant that Judge Sartorius (who is now deceased) was in the courtroom at the time sentence was imposed, and Mr. Snider (the prosecuting attorney) was present. The trial lasted three weeks or more during which time Mr. Reidel was present with appellant.

For the state, Mr. Clyde Snider testified that he was appointed as assistant circuit attorney beginning January 1, 1937, and served through 1941. As a trial lawyer he prosecuted appellant for first degree murder. He recalled that Mr. Louis Reidel (who is deceased) defended appellant and conducted a lengthy, meticulous cross-examination of police officers who accompanied appellant from the West Coast from which he was extradited. "It was one of the most competent and exhaustive examinations I have ever encountered in my experience in the practice of law of both police officers." Mr. Reidel was very efficient and able in the defense of appellant. Mr. Snider did not recall the jury coming out and asking if a verdict could be returned for a lesser offense, nor did he have a recollection about the sentencing or the arraignment. In answer to questions by the court, Mr. Snider recalled that Mr.

J. A. Gochner (Gochenaur?) was present with Mr. Reidel during most of the trial.

The records of the Circuit Court, Division No. 11, where appellant was tried, were brought in by Deputy Clerk Cecil Rodriquez. The record shows that appellant was sentenced to life imprisonment in accordance with the verdict, prior to which, "the said defendant is asked by the Court if he has or knows anything to say or has anything to say why the Court should not now proceed to pass sentence upon him in accordance with the verdict heretofore rendered against him, and having nothing to say, * * *."

■ The above allegations of the motion are embodied in three points on this appeal. The first of these is that "The arraigning judge erred in entering a plea on behalf of appellant because of the possible prejudice resulting from the absence of counsel at this critical stage." In his brief appellant does not point to any prejudice to him which resulted from an absence of counsel at his arraignment, at which a not guilty plea was entered for him by the court. He very abstractly states that there was a possibility of prejudice at trial; he could not introduce objections before trial. State v. Benison, Mo., 415 S.W.2d 773, 775, held that the absence of counsel during arraignment is not per se a violation of the Sixth Amendment, and there was no possible later prejudice which could result from such absence. In State v. Donnell, Mo., 430 S.W.2d 297, it was held that from arraignment through the trial a defendant has an absolute right to consideration on the merits of objections to indictments and similar pretrial attacks on the proceedings. In short, the appellant lost nothing and the state gained no advantage by reason of lack of counsel at this stage of the proceedings. Compare State v. Smith, Mo., 411 S.W.2d 208, 209, as to lack of counsel at preliminary hearings, which case distinguished Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, because of lack of prejudice in later trial proceedings. Point I is overruled.

In his Point II appellant asserts prejudicial error as to the claim of communications between the trial judge and the jury in the absence of his counsel. He says he could not himself have interposed pertinent objections to such communications, and that "No independent showing of actual prejudice is necessary when defendant's attorney is absent during such communications." Apparently no transcript of the record of the trial was prepared, there being no appeal taken; and the trial judge, Judge Sartorius, is deceased, as is appellant's trial counsel, Mr. Reidel. There was, on this hearing, no evidence presented refuting appellant's testimony as to what happened during his trial some twenty-eight years ago when the jury returned to the courtroom and directed an inquiry to the court. Even so, in the posture presented by appellant's testimony, no error appears. The jury, in open court, asked the court if it could find appellant guilty of a lesser crime. The court, without answering the jury's question, told the jury to follow Instruction No. 1 on first degree murder. It is not shown that any other instruction on any lesser offense was given or that under the evidence appellant was entitled to such an instruction which would have been brought to the court's attention by proper objection or request by counsel. No further instruction was given, but the jury was told merely to follow an instruction which had already been submitted to it. Compare State v. Duisen, Mo., 428 S.W.2d 169, 177, where although the matter of answering a question from the jury and a proposed answer was discussed with defense counsel who objected, the court said, "In its real substance, this answer merely referred the jury to the instructions already given, neither adding to nor detracting therefrom," and it was held that there was nothing objectionable or improper in the answer and the jury was not misled to defendant's prejudice.

■ Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, is to be distinguished from the case here where

counsel was absent, according to appellant, in an isolated incident occurring during the course of the trial. In Gideon, the defendant was denied assistance of counsel during the trial and was forced to conduct his own defense. Here, appellant had counsel during all of the trial with the exception of the brief time that the jury returned into open court to ask its question. Under the facts, as related by appellant, there exists no inherent prejudice in the manner in which the request, and the response of the trial judge, was handled. The bare assertion that counsel was not present at some stage of the trial, absent proof that something was done by the court which was prejudicial to the accused, is insufficient to show constitutional error. In Walton v. United States, 92 U.S.App.D.C., 202 F.2d 18, the appellant was sentenced by the court, and, on discovering an error, was within fifteen minutes brought back into court, his sentence was vacated and a new sentence imposed in the absence of counsel. At loc. cit. 202 F.2d 20 [2] the court said, "As concerns the second point of appellant's motion, it is settled law that, in the trial of criminal cases in the federal courts, the defendant is entitled to the assistance of counsel at every stage of the proceeding. However, recognition of this principle does not require a court to upset a conviction merely upon proof that at some particular stage of the proceeding counsel may not have been present. *There must be some showing that the absence of counsel would or could have resulted in prejudice to defendant's rights. When there manifestly is not even a possibility of injury, there is no such error as would require vacation of the sentence.*" (Emphasis supplied.) In Wawak v. State, 170 Ark. 329, 279 S.W. 997, after the jury retired it came back into open court, and, apparently in the absence of counsel, started to ask the court about the degrees of punishment. The court then *reread* the instructions regarding punishment. The foreman of the jury then asked, "What is the penalty of a man for an accessory to a crime?" The court replied, "That is cov-

ered by the instructions." It was held although there was error under the statute to charge the jury in the absence of counsel, the error was found in time to have been corrected, and (loc. cit. 279 S.W. 1001) "There was no question about what the court had charged the jury, and there is no contention that the charge was erroneous." As to the need in the present situation for there to be a showing of actual prejudice, see also State v. Taylor, Mo., 408 S.W.2d 8, 10 [5]; People v. Inman, 315 Mich. 456, 24 N.W.2d 176, 178; and generally 23 C.J. S. Criminal Law § 980, p. 942; 24B C.J.S. Criminal Law § 1927(d), p. 245. Point II is denied.

As noted, the circuit court records show that allocution was granted appellant at the time of his sentencing by the court. The record does not show that appellant's counsel was present at that time. On this hearing appellant testified that his counsel was not present at the time of sentencing. Even now, assuming counsel was not present at sentencing, appellant does not contend that when asked by the court if there was any reason why sentence should not be imposed that he objected on the ground that he wanted his counsel to be present with him. The record does show that "E. J. McClain for his offense of Murder in the First Degree, and in pursuance of the verdict heretofore rendered against him, be imprisoned in the penitentiary of this state for the remainder of his natural life." Under R.S.Mo.1939, § 4378 (now § 559.030, RSMo 1959, V.A.M.S.), the jury was required to find in its verdict whether the defendant is guilty of murder in the first or second degree, "and persons convicted of murder in the first degree shall suffer death, or be punished by imprisonment in the penitentiary during their natural lives; * * *." R.S.Mo.1939, § 4096, provided that "The court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if in its opinion the conviction is proper, but the punishment assessed is greater than, under the circum-

stances of the case, ought to be inflicted." Appellant argues that this statute was applicable, the judge had discretion at sentencing, and appellant lacked counsel to present mitigating factors on his behalf, to his prejudice. But note that § 4378, supra, provided that if the verdict convicting a defendant be of first degree murder, the *minimum* sentence is life imprisonment. The court thus had no discretion to reduce the term of imprisonment below the statutory minimum. In State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, 586, it was said, "If, under the evidence and instructions of the court, the jury found defendant guilty of murder in the first degree, it was for the jury to fix the punishment. The matter of punishment, within the limits fixed by the statute, was solely within the discretion of the jury under all of the facts and circumstances in evidence." In the early case of State v. Daniels, 32 Mo. 558, 560, a statute similar to § 4096, supra, was construed under facts showing that a jury had assessed punishment at ten years in the penitentiary, the *minimum* under the statute for stealing a mare and a gelding. The court reduced the punishment to two years. It was held that the statute giving power to the court to reduce punishment "never contemplated that the court should have power to reduce it below the *minimum*."

 Appellant does not here contend *anything other* than his argument that counsel present at sentencing could offer for him mitigating factors as to punishment. Under the statute, the court was without power to reduce punishment below the minimum for first degree murder. There was nothing counsel could do in that respect, and thus the case differs from Mempa v. Rhay, 389 U.S. 128, 135, 88 S.Ct. 254, 257, 19 L.Ed.2d 336, where counsel could have aided "in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence * * *." In Mempa, the Washington statute required the judge and prosecutor to furnish the Board of Prison Terms

and Paroles a recommendation as to length of sentence, after sentencing a defendant to a mandatory maximum term for the offense of which he was convicted. Point III must be overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

*All of the Judges concur.*