**E. J. McCLAIN, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 20314.**

United States Court of Appeals,
Eighth Circuit.

Dec. 16, 1970.

Gerard F. Hempstead, St. Louis, Mo., for appellant.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, Chief District Judge.

MATTHES, Chief Judge.

Nearly 30 years ago, to be exact, on March 6, 1941, after a six-day trial, a jury in the Circuit Court of St. Louis, Missouri, found E. J. McClain guilty of murder in the first degree, and assessed his punishment at life imprisonment. On March 28, 1941, the state trial judge, now deceased, entered judgment of conviction and formally sentenced McClain to imprisonment for the rest of his natural life.

Although McClain was represented by counsel in the trial no appeal was taken from the judgment of conviction. On October 27, 1967, approximately 26½ years after being sentenced, McClain filed a motion in the convicting court to vacate the sentence under Missouri Supreme Court Rule 27.26 V.A.M.R. The judge who was assigned to hear the motion denied it without a hearing. The Supreme Court of Missouri, on appeal, remanded the cause to the Circuit Court for an evidentiary hearing. Such a hearing was held on January 17, 1969, at which appellant was represented by court appointed counsel. At the close of all the evidence the motion to vacate was again denied and the reasons for taking such action were announced by the hearing judge from the bench. On appeal, the Supreme Court of Missouri affirmed the denial of relief. McClain v. State, 448 S.W.2d 599 (1970).

On February 27, 1970, McClain filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri. That court transferred the case to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 2241(d). In seeking habeas relief, McClain alleged five grounds: (1) he was denied counsel at his arraignment; (2) he was denied effective assistance of counsel during trial; (3) he was denied assistance of counsel during the jury's deliberation; (4) he was denied assistance of counsel during sentencing; (5) he was denied his statutory right of direct appeal from a conviction of first degree murder due to the ineffective assistance of counsel. Judge Meredith, relying upon the post-conviction proceedings in the circuit court and the supreme court, found that McClain had exhausted his state remedies on grounds 1, 3 and 4, and proceeded to consider them on the merits. He declined

to consider grounds 2 and 5 and dismissed the petition as to those grounds without prejudice to petitioner's right to seek relief in the state court. The district court's opinion is reported at 312 F.Supp. 635 (1970). McClain's motion for leave to proceed on appeal in forma pauperis was granted and after the case reached this court, we appointed counsel to represent him. Appellant's counsel presented for review the same three contentions considered and disposed of by the district court and urged that the court erred in denying habeas relief on those grounds. Appellant also filed a pro se brief, urging in substance that he had exhausted all of his state remedies as to the five grounds set forth in his petition for writ of habeas corpus, and that the district court erred in not considering all of such claims.

We first determine whether appellant has exhausted his state remedies as to all matters incorporated in his petition for habeas relief. We are in agreement with Judge Meredith that appellant has failed to exhaust such remedies as to grounds 2 and 5 set out above. As Judge Lay pertinently stated in Barry v. Sigler, 373 F.2d 835, 838 (8th Cir. 1967), Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) "emphasizes that a federal district court should not 'upset a state conviction without an opportunity to the state courts to correct a constitutional violation.'" In footnote 3, page 838 of 373 F.2d, Judge Lay observed that a state prisoner may not deliberately bypass any available appeal to the supreme court of the state. See also Kennedy v. Sigler, 397 F.2d 556 (8th Cir. 1968), where, as here, the prisoner had exhausted his state remedies as to some but not all of the claims presented to the federal court. Cf. Swenson v. Donnell, 382 F.2d 248 (8th Cir. 1967); Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970).

We have meticulously examined the proceedings in the Missouri state trial court relating to the 27.26 motion, the brief filed by appellant in the Missouri Supreme Court on appeal from the judgment denying him post-conviction relief, and the opinion of the Missouri Supreme Court affirming the decision of the circuit court. 448 S.W.2d 599. Considering all of this, the conclusion is inescapable (1) that appellant has not processed to finality in the Missouri courts the alleged denial of constitutional rights 2 and 5 above enumerated; (2) that exceptional circumstances do not appear which would relieve appellant from exhausting his state remedies; and (3) that appellant's state remedies are still open to him under Rule 27.26. To further demonstrate that appellant is premature in seeking federal relief on the two claims that we have been discussing, we point out that the motion to vacate filed in the state court under Rule 27.26 did predicate relief upon all of the five grounds presented to the United States District Court, and there was some evidence offered in connection with all five allegations. However, for some reason not apparent from the record, the attorneys who represented appellant on appeal filed a brief in the supreme court in which they presented only three contentions of error: (1) failure to provide counsel at time of arraignment; (2) failure to have counsel for appellant present when the trial judge responded to an inquiry from the jury during its deliberations; (3) failure of counsel to be present when appellant was sentenced. The substantial question whether appellant's trial counsel had abandoned him after trial and had failed to appeal from the judgment of conviction was not an issue on appeal. Furthermore, as we read the opinion of the Supreme Court of Missouri, that question was not decided by that court. It may be that for strategic reasons appellant knowingly and voluntarily abandoned his right to appeal.

Be that as it may, we are convinced that this important issue should be fully explored in another 27.26 proceeding. See Maness v. Swenson, 385 F.2d 943 (8th Cir. 1967), where on similar facts, we held that the Missouri courts should first decide whether *Ma-*

*ness* desired to appeal or whether he knowingly and voluntarily waived his right to appeal from the judgment of conviction. We recognize, insofar as this case is concerned, that the passage of nearly 30 years, the death of the trial judge, the death of appellant's trial attorney and the non-existence of a transcript of the trial proceedings necessarily will make it difficult for the Missouri courts to ascertain the truth with respect to whether or not appellant was in fact denied the right to appeal. However, it is settled law that a defendant may not be deprived of the assistance of counsel to the end that he is divested of a statutory right to appeal. Williams v. United States, 402 F.2d 548 (8th Cir. 1968); Maness v. Swenson, supra. See also Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Moreover, we have complete confidence in the ability and wisdom of the trial judges of the City of St. Louis and of the Supreme Court of Missouri, and believe that these tribunals will responsibly determine whether appellant was deprived through no fault of his, of an appeal from the judgment of conviction, to the end that justice will be served.

This brings us to the three alleged constitutional errors which have been considered by the Missouri courts and carefully reviewed by the United States District Court.

## I. DENIAL OF COUNSEL AT ARRAIGNMENT.

■ Appellant argues that because the trial court refused to grant him time to employ counsel to represent him at the arraignment proceeding he was denied his Sixth Amendment right to counsel. The undisputed fact is that when appellant appeared on the date set for arraignment he declined to plead to the indictment and thereupon the court entered a plea of not guilty for him. See

Missouri Supreme Court Rule 25.04 and § 546.020 RSMo 1959, V.A.M.S. Appellant's argument necessarily embodies the principle that an arraignment in Missouri is a critical stage of a criminal proceeding. The settled law of Missouri is to the contrary. McClain v. State, supra, 448 S.W.2d at 601; State v. Benison, 415 S.W.2d 773, 775 (Mo.1967), holding that the absence of counsel during arraignment is not per se a violation of the Sixth Amendment; State v. Donnell, 430 S.W.2d 297 (Mo.1968), where the court held that from arraignment through the trial a defendant has an absolute right to consideration on the merits of objections to indictments and similar pre-trial attacks. "In short, the appellant lost nothing and the state gained no advantage by reason of lack of counsel at this stage [arraignment] of the proceedings." McClain v. State, supra, 448 S.W.2d at 601.

■ Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), heavily relied upon by appellant, is clearly distinguishable and not controlling, in that arraignment in Alabama is a critical stage in a criminal proceeding. Neither does the recent case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), also relied upon by appellant, lend any support to his position. *Coleman* stands for the proposition that a preliminary hearing is a critical stage and that counsel is essential at that proceeding to protect the accused against any erroneous or improper prosecution and in making arguments on such matters as bail and the possibility of a psychiatric examination.[1] None of these factors would seem to apply to arraignment in Missouri, particularly where, as here, a plea of not guilty was entered for appellant, and there is no showing that by reason of the absence of counsel the appellant lost any right or privilege or the state gained some advantage. We are not constrained to hold, as appellant urges, that absence of

---

1. In our recent case of Konvalin v. Sigler, 431 F.2d 1156 (8th Cir. 1970), we held in an opinion authored by Judge Lay that

*Coleman* should not be applied retroactively.

counsel at arraignment in a criminal proceeding in Missouri is prejudicial per se. And the record in this case demonstrates to our complete satisfaction that appellant was not in fact prejudiced.

## II. FAILURE OF COUNSEL TO BE PRESENT DURING JURY DELIBERATIONS.

■ At the hearing on his 27.26 motion, appellant testified that during the course of the jury deliberations the foreman of the jury returned to the courtroom when appellant's counsel was not present and made inquiry as to whether appellant could be found guilty of a lesser offense. In response, the trial court very appropriately referred the jury to the court's verdict directing instruction and thereupon the jury resumed its deliberations. Appellant claims he was prejudiced by what occurred.

The only evidence bearing on this issue is found in the testimony of appellant. And we cannot overlook that this testimony was given approximately 28 years after the trial. The judge who presided over the trial of the case and appellant's attorney were deceased at the time of the 27.26 hearing. The assistant circuit attorney who prosecuted the case testified and, although he recalled that the attorney who represented appellant vigorously defended him, he had no independent recollection of the occurrence relating to the inquiry appellant now seizes upon for vacation of the sentence. Unfortunately the state record, particularly the minutes of the clerk of the court, is not too illuminating. The experienced trial judge, who considered the 27.26 motion, was fully aware of the unusual posture of the situation, occasioned in large measure, if not in full, by appellant's passive attitude as manifested by his inaction or failure to make any assault on the conviction for more than a quarter of a century. We believe it is reasonably clear from reading the trial judge's findings as announced from the bench, that he entertained serious misgivings about the credibility of appellant's version of what took place.

But assuming the truth of appellant's testimony, we agree with Judge Meredith that the incident did not deprive appellant of any fundamental right or a fair trial. We reach this conclusion fully aware of the firmly entrenched rule enunciated by the Supreme Court in Filippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919) reiterated in Shields v. United States, 273 U.S. 583, 588, 47 S.Ct. 478, 479, 71 L.Ed. 787 (1927) as follows:

" 'Where a jury has retired to consider of [sic] its verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object.' "

We had occasion to consider the rule in Rice v. United States, 356 F.2d 709 (8th Cir. 1966) and reversed the judgment of conviction because the trial judge had communicated in writing with the jury, not in open court and in the absence of the defendant or his attorney. But in *Rice*, we also recognized that the presumption of prejudice resulting from such error may be overcome by evidence giving a clear indication of lack of prejudice. 356 F.2d at 716–717. See also Ray v. United States, 114 F.2d 508 (8th Cir.), cert. denied, 311 U.S. 709, 61 S.Ct. 318, 85 L.Ed. 461 (1940). Here, we believe that appellant's own testimony shows he was not prejudiced by the brief colloquy between the judge and the foreman of the jury assuming, of course, that his attorney was not present. The interchange occurred in open court; the defendant was present, and no additional instructions were given to the jury. The trial judge, in response to the question from the foreman, merely informed the jury to adhere to the instruction that had been given. We find no deprivation of a constitutional right and are satisfied that

what occurred did not deprive appellant of a fair trial.

### III. DENIAL OF COUNSEL AT SENTENCING.

Finally, appellant asserts that denial of the assistance of counsel at the time the judgment was entered and sentence imposed on March 28, 1941, violated his constitutional right as guaranteed by the Sixth Amendment.

Again, the record is far from satisfactory. The clerk's minutes fail to show whether or not appellant's counsel was present at the time the judgment of conviction was entered and sentence imposed by the court. All we have before us on that issue is appellant's testimony.

Punishment for first degree murder at the time of appellant's trial was fixed by statute at either life imprisonment or death, and the jury was authorized to impose the sentence. Section 4378, RSMo 1939, (now Sec. 559.030 RSMo 1969. The jury had no other alternative insofar as the punishment was concerned. As shown, the jury assessed the punishment at life imprisonment. Thereafter, and pursuant to the verdict of the jury, the court by judgment imposed the life sentence as it was required to do.

It is now settled law that sentencing and allocution are considered to be critical stages in the criminal proceeding at which an accused is entitled to be represented by counsel. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Losieau v. Sigler, 406 F.2d 795 (8th Cir.), cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969). This principle is applied retroactively. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Losieau v. Sigler, supra.

Thus, the basic question would seem to be whether appellant must demonstrate that he was prejudiced by the absence of counsel in order for him to be entitled to be re-sentenced.

The Supreme Court's reasoning in Mempa v. Rhay, supra, lends support for the conclusion that a showing of prejudice is necessary. In *Mempa*, the state argued that the imposition of sentencing after revocation of probation under state law was a mere formality. In rejecting this argument and in holding that the defendant was entitled to counsel, the court pointed out that although the judge was bound under state law to impose the maximum term, he was also required to furnish the parole board with a recommendation of the length of time the defendant should serve. The court held that "to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." Id. 389 U.S. at 135, 88 S.Ct. at 257. It appears to us that if the *Mempa* Court intended to hold that prejudice need not be shown when counsel was absent at sentencing it would have been unnecessary for the court to expand upon the reasons why counsel was needed.

Further, there is language of the Supreme Court in Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L.Ed. 2d 1448 (1958) which indicates that a showing of prejudice is necessary.

Considering that the trial court was required to impose the sentence fixed by the jury, we are unable to perceive of any material assistance that counsel could have afforded appellant had he been present when the sentence was pronounced.

We agree with the Supreme Court of Missouri and the district judge that appellant has failed to demonstrate that the absence of counsel at sentencing entitles him to any relief in this proceeding.

Accordingly, we affirm the district court's judgment in denying relief on the three grounds concerning which appellant has exhausted his state remedies.

As to the other grounds for relief herein-above referred to as numbers 2 and 5, the appellant should be afforded another opportunity to present these matters to the state courts. We therefore remand this case to the district court for further proceedings consistent with this opinion, having in view that the district court should hold the matter in abeyance pending another application for relief by appellant under Missouri Supreme Court Rule 27.26. A full hearing should be held upon the crucial issue of whether appellant desired to appeal or whether he knowingly and voluntarily waived his right to appeal. See Maness v. Swenson, supra, 385 F.2d at 946.