STATE of Missouri, Respondent,

v.

Anthony DOUGLAS, Appellant.

No. 55732.

Supreme Court of Missouri,
Division No. 2.

March 8, 1971.

 

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

John M. Drescher, Jr., Allen S. Boston, St. Louis, for appellant.

BARRETT, Commissioner.

Anthony Douglas, with at least three prior felony convictions, has been found guilty of robbery with a deadly weapon (RSMo 1969, §§ 560.120, 560.135 V.A.M.S.) and sentenced to seven years' imprisonment. The circumstances were that in the early morning hours, between two and three o'clock, July 22, 1969, David Coleman was on duty in the Clark Service Station at Kingshighway and Terry Streets "when six guys," ("all were Negroes"), entered the station and at gun point held up Coleman and took $20.00 from his wallet and $126.00 belonging to the station. Douglas, admittedly, knew Coleman by sight and Coleman knew him. Coleman recognized Douglas during the holdup and pointed him out as the one who "held it (the gun) to my head." Three months after the robbery Coleman driving on Euclid saw and recognized Douglas, enlisted the aid of the police and caused his arrest as one of the six who had robbed him in July.

Upon the trial of the case, March 24–25, 1970, Douglas was represented by court-appointed counsel, Mr. John M. Drescher, Jr., and his associate, Mr. Allen S. Boston, also entered his appearance. These diligent lawyers in the trial and here gave Douglas "outstanding" and effective representation. Donnell v. Swenson, D.C., 302 F.Supp.

1024, 1030–1031. For reasons obvious from the brief résumé of the circumstances of the robbery and appellant's arrest counsel do not question the sufficiency of the evidence, the instructions or indeed the propriety and fairness of the trial itself. They do make, however, a rather complicated and unique claim of a denial of "adequate counsel as guaranteed by statute and the Missouri and Federal Constitutions." To thoroughly appreciate the precise nature of the claims of infringement of rights it is necessary to detail the origin and series of events culminating in the trial and conviction. On *November 7, 1969,* Douglas was charged with a prior conviction and the offense of robbery by *indictment.* On November 12, 1969, Mr. George Hubel of the Public Defender Bureau entered his appearance as counsel for defendant, a reading of the indictment was waived, a plea of not guilty entered and trial was set for December 8, 1969. There is no date in the record but following the above entry is the notation "Francis L. Kenney, Jr., appointed by court as attorney for defendant." On December 12, 1969, cause was "continued for defendant January 19, 1970." On Tuesday, December 30, 1969, the court's minutes recite "Motion to quash and to dismiss filed." This motion, prepared by Mr. Kenney, was "received" on November 14, 1969, and its general purpose was to quash the indictment for the basic reason that the grand jurors were not legally and properly selected, that the procedures were illegal and the provisions for their selection was unconstitutional. In the meanwhile, however, on *January 13, 1970,* the state entered as the record recites, following the entry as to the filing of the motion, "State enters nolle prosequi" and on *January 30, 1970,* the state filed an *information* charging Douglas with the self-same robbery and prior conviction. On February 6, 1970, the public defender, George Hubel, entered his appearance as counsel for Douglas, a reading of the information was waived, a plea of not guilty entered, and trial again set for March 23, 1970. On that date, apparently, Mr. John

M. Drescher, Jr., was appointed as counsel for Douglas and, as indicated, Mr. Boston entered the case. On March 3, 1970, these lawyers, reciting all these and other circumstances filed a "Petition for a writ of habeas corpus." Attached to the petition were all the indicated documents, records and entries but the gist of his claim for relief was that the nolle prosequi of the indictment, which they say was full of "inherent infirmities" and the filing of the information were in violation of law, the warrant illegal and that from January 30, 1970, he has been illegally restrained. The basis of the habeas corpus proceeding was that Mr. Kenney, his originally appointed counsel, had no notice or knowledge of the nolle prosequi, the substitution of the information and the subsequent proceedings. Therefore, it is said he was "denied his right to adequate counsel" as guaranteed by the state and federal constitutions. In this connection it is said that Mr. Hubel or other representative of the public defender's office "did not have the benefit of the history of Petitioner's case and could not effectively oppose the proceedings" and could not in effect attack the original indictment. In sum as a result of all these matters and proceedings, it was asserted in the habeas corpus petition, including "illegally constituted" grand jury, that he was deprived of his liberty and "was deprived of adequate counsel from *January 9, 1970,* to *February 6, 1970,* by reason of the state's failure to inform appointed counsel (Mr. Kenney) of proceedings against Petitioner." After several formal matters relating to the writ of habeas corpus, returns and denials, the court considered the affidavit of Mr. Kenney, all the noted exhibits and files and in a memorandum opinion and finding denied the writ and, as stated, on March 24, 1970, the cause proceeded to trial.

Invoking the canons of ethics; "a lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel" (Sup.Ct. Rule 4.09) and the statute and rule (Criminal Rule 21.08) more clearly stated in the statute, after providing for prosecutions by indictment or information "But that mode of procedure which shall be first instituted * * * for any offense shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined" (RSMo 1969, § 545.010 V.A.M.S.), appellant asserts in effect not "ineffective" or "inadequate" counsel but for a period of time no counsel. In his brief he "specifically directs his claim of lack of adequate counsel to the period of *January 9, 1970,* to *February 6, 1970,* during which an Information was filed against him and he was arraigned in the St. Louis Court of Criminal Correction, held for a preliminary examination and arraigned in the Circuit Court of the City of St. Louis." (Emphasis supplied.) In this connection his arraignment is pointed to and it is said that if he did then have counsel his lawyer, Kenney, appointed on November 12, 1969, was not notified and thus at a critical stage he was denied counsel within the meaning of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

By reason of the record here, the facts insofar as they are relevant are all made to appear, it may be that appellant has overcome the first obstacle that as a general rule ineffectiveness of counsel may not be considered on direct appeal. State v. Cluck, Mo., 451 S.W.2d 103; State v. Smith, Mo., 454 S.W.2d 539. But having set forth in elaborate detail the factors and circumstances urged, the appellant's claims of infringement of fundamental rights may be disposed of rather summarily. There may be some confusion as to whether arraignment is a critical stage (Compare McClain v. State, Mo., 448 S.W.2d 599, and State v. Scott, Mo., 404 S.W.2d 699 and McClain v. Swenson, 435 F.2d 327, Eighth Circuit Court of Appeals), but whether it is or not the basic question, as with counsel at a preliminary, is whether due to a lack of counsel prejudice resulted to the appellant. As with a preliminary ultimately the "test to be applied is whether the denial of counsel at the preliminary hearing was harmless error." Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.

2d 387. Professional good manners may not have been scrupulously observed but the state had the right to nolle the original charge before a jury was sworn, to institute by complaint and information the substituted procedure involved in a prosecution by information (State v. Lonon, 331 Mo. 591, 56 S.W.2d 378) and in so proceeding it is not made to appear that the state gained an unfair advantage or that there was any overreaching. In short, the appellant is reduced to asserting a mere technical failure to provide counsel and thus asserting a mere theoretical violation of fundamental rights. State v. Owens, Mo., 391 S.W.2d 248. And so if there was error resulting from ineffective counsel or from lack of counsel upon this record the fact was "harmless beyond a reasonable doubt." State v. Donnell, Mo., 430 S.W.2d 297, 303; Donnell v. Swenson, D.C., 302 F. Supp. 1024, 1031. Accordingly, the judgment is affirmed.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.