**E. J. McCLAIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57333.

Supreme Court of Missouri, Division No. 2.

March 12, 1973.

Gerard F. Hempstead, Evans & Dixon, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis denying appellant's motion to vacate judgment and sentence pursuant to Supreme Court Rule 27.26, V.A.M.R. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

Appellant was convicted by a jury of first degree murder on March 6, 1941. During the trial he was represented by employed counsel of his own choice who was well known and highly respected for his ability in the trial of criminal cases, and who was assisted at the trial by another experienced trial lawyer.

On August 26, 1967, more than twenty-six years after the pronouncement of sentence and entry of judgment, appellant filed a motion pursuant to Rule 27.26 to set aside the sentence and judgment, alleging therein five separate grounds, all of which were ruled adversely to him by the trial court. On appeal this court affirmed the ruling as to three of the grounds, but did not rule on the merits of two of the alleged grounds on the basis that they were not at issue. McClain v. State, 448 S.W.2d 599 (Mo.1970). Appellant filed the pending motion alleging as a basis for relief the two grounds not previously ruled on appeal; namely, that he was denied effective assistance of counsel during trial, and that he was denied the right of appeal. The trial court held an evidentiary hearing, made findings of fact and conclusions of law, and denied appellant any relief. This appeal followed.

We do not imply or hold, in the circumstances of this case, that appellant is entitled under Rule 27.26 to file a second motion and present the two issues which were set forth in the previous motion. However, a full evidentiary hearing has been held, the trial judge has entered its findings of fact and conclusions of law on the merits of his claims, and the transcript of the hearing is before us with briefs by both parties.

We note, as did the trial court, that at the time of the evidentiary hearings, both of appellant's trial counsel and the trial judge were all deceased, and that since no appeal was taken no transcript of the trial is now available.

█ We have carefully reviewed the transcript of the evidentiary hearing on appellant's motion. It is devoid of any basis for a finding of ineffective assistance of counsel in the constitutional sense.

█ The trial court found that appellant was not denied the right to appeal, and in doing so concluded: "Movant's testimony favorable to himself on each ground of this motion is not credible. He is vitally interested in its outcome; he signed a false affidavit in connection with it; and he didn't bring it [claim of denial of right of appeal] for twenty-six and a half years." This finding is supported by the evidence and is not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.