Jerry Dean JONES, Movant, Appellant,

v.

STATE of Missouri, Respondent.

No. 34841.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 3, 1973.

Motion for Rehearing or Transfer to Court En Banc, or Transfer to Supreme Court Denied May 11, 1973.

Roy A. Lieder, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, G. Michael O'Neal, Jefferson City, J. Brendan Ryan, Circuit Atty., Richard G. Altobelli, St. Louis, for respondent.

SMITH, Presiding Judge.

Movant-Appellant appeals from the action of the trial court in denying his motion for a writ of coram nobis to set aside his conviction for assault with intent to kill with malice. He had pleaded guilty to the offense and was sentenced to three years imprisonment and placed on three years probation. Probation was revoked and appellant served his term. He is now confined for another offense. His attack is twofold: (1) his guilty plea was involuntary; (2) he was not represented by counsel at his sentencing. We affirm.

It is proper for appellant to attack a judgment of conviction, even after the sentence has been served provided the motion for relief is for the causes set forth in Rule 27.26, V.A.M.R. State v. Stodulski, 298 S.W.2d 420 (Mo.1957). The ·distinction between a writ of coram nobis and a Rule 27.26 proceeding is whether the

movant has served his sentence. We therefore review this record as we would a 27.26 proceeding. Appellant carries the burden of establishing that his conviction was improper and we do not reverse unless the judgment of the trial court is clearly erroneous.

Appellant attacks the acceptance of his plea of guilty as based upon an inadequate inquiry by the trial court prior to accepting the plea. The plea was entered in 1966, prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and that case is not applied retroactively. Crego v. State, 447 S.W.2d 550 (Mo.1969). Our rule 25.04 does not require explicit inquiries by the trial court of the defendant but only that the trial court determine the plea was voluntarily and understandingly made. Flood v. State, 476 S.W.2d 529 (Mo.1972). In making its determination of voluntariness the trial court on the coram nobis proceeding may consider not only the record at the time the plea was taken but also the evidence at the hearing on the writ.

We have carefully examined the record here and find that substantial dispute existed between appellant's testimony and that of his prior counsel. This dispute was resolved by the trial court in favor of the credibility of the prior counsel. Taking his testimony and the record at the time the plea was entered there is adequate evidence that the plea was voluntarily and knowingly made. The trial court's determination was not clearly erroneous.

It is admitted that counsel was not present at the time of sentencing and appellant asserts that this entitled him to have his conviction set aside per se. In this regard he relies upon Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and Losieau v. Sigler, 406 F.2d 795 (8 Cir. 1969). Mempha held that sentencing was a critical phase of the proceedings and that defendant has a constitutional right to counsel at critical phases of the proceedings. Losieau concluded that the only question to be decided when absence of counsel was charged was whether counsel was present or not at the sentencing. However, that same federal appellate court the next year restricted the scope of Losieau in McClain v. Swenson, 435 F.2d 327 (8 Cir. 1970). There the court found that Mempha required setting aside the conviction or resentencing where counsel was not present at sentencing only if the defendant was prejudiced by such absence. The same position requiring prejudice from the absence of counsel has been taken by our Supreme Court. See State v. Douglas, 464 S.W.2d 26 (Mo. 1971); McClain v. State, 448 S.W.2d 599 (Mo.1970).

In the case before us we are unable to find any evidence that appellant was prejudiced by absence of counsel at the sentencing. He was placed on probation and the sentence which was imposed was only one year more than the minimum. Appellant had pled guilty and counsel was present at that time. Appellant lost no rights which he otherwise would have had because of the absence of his counsel. He was not afforded allocution, but allocution is not required where a guilty plea has been entered. State v. Kitchin, 300 S.W.2d 420 (Mo.1957); McClain v. State, 448 S.W.2d 599 (Mo.1970). We find no evidence that the absence of counsel at sentencing in any way prejudiced appellant or could have prejudiced him. The trial court's finding is not clearly erroneous.

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.